**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FALL ASS MALICK,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-8973 (MCA)**<br><br>**ORDER** |

This matter comes before the Court on a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, brought on behalf of Fall Ass Malick by an individual who is seeking to act as his next friend. (*See* ECF No. 1.) For the reasons explained in this Order, the Petition is dismissed without prejudice for lack of standing.

The federal habeas statute requires that that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. 2242; *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. In limited circumstances a "next friend" has standing to submit a petition on an inmate's behalf in a federal habeas proceeding. *See generally, Whitmore v. Arkansas*, 495 U.S. 149 (1990).

In order to qualify for next friend status, an individual must establish that (1) he is "truly dedicated" to the petitioner's best interest; (2) that he has a "significant relationship" with the petitioner; and (3) that there is an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the petitioner cannot appear on his own behalf to prosecute the action. *See Whitmore*, 495 U.S. at 163–64; *In re Zettlemoyer*, 53 F.3d 24, 27 (3d Cir. 1995).

The burden is on the next friend to establish this prerequisite. *Whitmore*, 495 U.S. at 163-64. "The next friend requirements are jurisdictional[.]" Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, 7th ed., § 8.3 Lexis (database updated Dec. 2022). "Where standing is lacking, the federal courts lack the power to grant habeas relief." *In re Zettlemoyer*, 53 F.3d at 26 (citing *Demosthenes v. Baal*, 495 U.S. 731, 737 (1990)).

Here, the Court finds that Diadou Diallo West has not met the requirements to proceed as a next friend, and the Court will dismiss the Petition without prejudice for lack of standing. The Court will provide Petitioner Malick with the opportunity to reopen this matter within 30 days if he submits a signed habeas petition on his own behalf. The Clerk of the Court shall send a copy of this Order along with a blank Section 2241 Petition to Petitioner Malick at the address on file.

IT IS THEREFORE, on this 22nd day of July 2026,

ORDERED that the Petition is DISMISSED WITHOUT PREJUDICE for lack of standing; the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter accordingly; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Order and a blank Section 2241 habeas form (AO 242 (12/11) to Petitioner Malick at Delaney Hall Detention Facility; and it is further

ORDERED that, if he wishes to reopen this matter, Petitioner may complete and sign the Section 2241 habeas form and mail it to the Clerk of the Court at Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Newark, NJ 07102, within 30 days.

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**United States District Judge**